King J.
The plaintiff in error asks a reversal of the judgment of the court of common pleas for several reasons. This case was before this court a term ago, and was then reversed, the ground of reversal being that the court had failed to submit to the jury, and allow the jury to take with them, certain requests made by one of the parties. There was submitted to the court at that time a question relating to the answers of the jury to certain questions, and a decision was made upon the question as presented, The question argued to the court was not at that time decided. The main question presented at this time arises upon the same matters — that is, the submission to the jury of certain questions which they were instructed to answer, and which, it is claimed, they failed to answer. And in this connection I will say, there are other errors alleged. Several exceptions to the charge of the court were taken, but none of those, were discussed.
We have examined the charge and the parts of it excepted to, but we do not find any error in it, nor any other errors in the record.
I will only consider the single question which was discussed before us. The statute requires the court, on the request of either party, to instruct the jury that if they find a general verdict, they shall also answer particular questions of fact to be stated in writing, and the court should direct a finding. And the statute further provides, that when the special finding of facts is inconsistent with the general verdict, the former should control, the latter, and the court should give the judgment accordingly. It also provides that the jury may be instructed by the court on its own motion, or upon the request of the parties, to find all the facts in the case in general.
In this case the plaintiff below brought a suit to recover *487 for wages which he claimed he had earned, and which had also been earned partially by his two minor sons in doing carpenter work for the defendant. He set forth an account of it. The principal part of the account was for his own services, but a portion was for the boys. The defendant answered, and among other defenses, he said he had a contract with the plaintiff to build two houses at $100 each, and that all this work was done on those houses. And he also made out a counter-claim, whereby he claimed he had suffered and sustained damage by reason of improper work or work improperly done; and there was considerable cross-firing on the trial about that. This was dropped out of the case, being no longer a question; but on the trial a question was made, and it is covered, I think, in the pleadings by a general denial, that the services of the boys were performed on the buildings that were to be constructed under the contract, or part of them were rendered there, Caldwell claiming that he didn’t know the boys were to work by the day for him, and he never employed them; and, I think, perhaps the claim was made in the course of the testimony that he informed their father that he didn’t want the boys to work, because they were incompetent, or at least one of them. The father, on the other hand, claimed on the trial, and introduced evidence to show, that they did work right along and in Caldwell’s presence and with his tacit assent, at least, if not his express assent; and that therefore he would be liable, even if there was no contract. Otherwise, he claimed that he had a contract to furnish the boys, as a part of the hands, and never had been notified not to furnish them. Then the bill of exceptions taken at the trial says that the plaintiff offered evidence tending to prove the allegations of his petition, that the defendant offered evidence tending to prove the allegations of his answer and cross-petition; and the plaintiff in rebuttal offered evidence tending to prove the allegations of his reply. That in sub *488 stance is alFof the bill of exceptions, as to the testimony. There are some special things stated, but I shall not go over them.
Then there were submitted to the jury these questions at ■the request of the defendant below, Caldwell:
1. Did the defendant employ Burt Brown, the son of the plaintiff? A. Yes.
2. Is any part of the work charged for in the account set forth in plaintiff’s petition, work done upon the house built by plaintiff under the contract mentioned in the answer and cross-petition? A. Yes; and charged for by the day.
3. How much, if anything, is due to the plaintiff on account of the work done on contract for the construction of the house mentioned in the answer and cross-petition? A. Cannot say exactly.
4. What, if anything, is due the plaintiff for the work and labor of plaintiff’s son Burt Brown upon work, other than that done on the house mentioned in the answer and cross-petition, and called during the trial the Cross house? A. Cannot itemize.
5. What amount, if anything, is due the plaintiff for work and labor of the defendant’s son Byron Brown, for work other than that done upon the house mentioned in the answer and cross-petition, and called during the trial the Cross house? A. Cannot answer.
6. Whát amount, if anything, is due the plaintiff for work and labor other than that done on the house mentioned in the answer and cross-petition, and called during the trial the Cross house? A. Cannot tell.
7. What amount, if anything, is due the plaintiff for work and labor other than that performed under the contract mentioned in the answer and cross-petition? That was not answered.
8. What amount is due the plaintiff for work and labor, both of himself and his sons, if anything, for work on the contract mentioned in the defendant’s answer and cross-petition ? A. Cannot tell.
9. Was the house mentioned in the answer and cross-petition of defendant, and called during the trial the Cross house, completed by the plaintiff in accordance with the *489 contract under which it was undertaken to be built by the plaintiff. A. No.
10. Was the work done on the house mentioned in the answer and cross-petition, and called during the trial the Cross house, done in good and work-man-like manner ? A. Yes; considering material and character of house contemplated.
It is claimed that there was not a true verdict; that it didn’t respond to the questions which the court submitted to the jury. It will be seen that the jury answered all these questions but one. Their answers are: they cannot tell, cannot find out, cannot ascertain, cannot itemize it. But they are answers. It is not a refusal to answer, but it is an answer; it is a finding by the jury that they cannot find from the testimony an answer yes or no. As to the question they did not answer, it is mere repitition of a question which they did. So it was not a mistrial or a failure to render a verdict.
It must be assumed in a fair interpretation of this statute that the court will not disturb a general verdict, which in all cases must control, unless it appear from the special verdict that the general verdict is incorrect, when there is any showing made as to what evidence the jury had before them or upon which they acted. We are clearly of opinion that a bill of exceptions which recites that evidence was given tending to prove the allegations of the petition, and the allegations of the answer, and the allegations of the reply, would not give the court any idea what the evidence was, how much it weighed, what the effect of it is.
If we must decide on the weight of the evidence, we must have all of it, to know how much each and every item weighs. It is said that there was a failure on the part of the jury to act as they ought to have acted. They have said: ‘We cannot tell from the evidence.” Nor can the court tell whether that is correct or not — that is to say, whether the jury ought to have told from the evidence or not. Taken as it is, we must say the jury were right that they could not tell.
*490 Again, it is a matter of importance to the plaintiff. He brought this action to recover upon an account. How much of this work was done upon the contract house, and how much was done outside upon other houses, if it is of importance at all in the case, it is of importance to the defendant alone, and the burden of proof was upon the defendant to show by his evidence how much was done by the boys and how much by the father, and how much was done upon the contract house and how much upon the others outside, if he deemed that question material. So the burden was upon the excepting party to prove the thing which ought to appear in the record in order to enable the court to determine that the verdict is wrong.
Several cases were cited to the court. I shall refer only to two of them., and they are fairly in point. One was 107 Indiana, 485, and the other 113 Indiana, 597; but a case which was not cited is in 108 Indiana, 375, in which a question was asked of the jury as to which had the greater capacity, the watercourse or a certain sewer in litigation. The-answer was, “Don’t know; there was no evidence on that point.’’ The court said:
“In the face of the general verdict, and in view of the fact that the burden of proof was on the appellant, it cannot be asserted that his cause is made out, for it may well be that the capacity of the sewer was so little different from that of the natural water course. Nor does it appear from the answers that the culvert caused the overflows; for anything that appears, the overflows may have occurred more often before than after the construction of the culvert. Nor does it appear that the incapacity of the culvert was the approximate cause of the overflow of appellant’s property, and it is well settled that it must appear that the wrong of the defendant was the proximate cause of the injury which is alleged as the cause of action.
“It is the rule that a special verdict must state all the facts essential to a recovery, and that nothing can be supplied by intendment.
Curtis T. Johnson, for plaintiff in error.
M. D. Merrick, for defendant in error.
“It is also the settled rule, that if facts are not found in a special finding they will be presumed, as against the party who has the burden of proof, not to have been proved.”
There is considerable more in this case which is pertinent to the question, but I will not read it.
We find there is no error in this record for the reasons I have stated.
The judgment of the court of common pleas will be affirmed, but without penalty.